USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALYSSA WHITE,

                Plaintiff,

-against-

KENROY BURRELL, et al.,

                Defendants.

25-CV-05303 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction *sua sponte*. This action was removed from Bronx County state court on June 25, 2025, purportedly on grounds of diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 ("Notice of Removal").

    "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). Where a complaint premised on diversity of citizenship names a limited liability company, or LLC, as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Further, if the members of a limited liability company are also LLCs, "the citizenship of the members of those LLCs must also be given, and must be diverse." *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016); *see also 400 East 62nd Properties, LLC v. Grupo Cinemex, S.A. DE C.V.*, No. 20-CV-04917 (JLR), 2025 WL 1224716, at * 2 (S.D.N.Y. Apr. 28, 2025) ("[I]f any of Plaintiff's members are themselves noncorporate entities, then Plaintiff 'must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.'").

    The Notice of Removal and Corporate Disclosure Statement (Dkt. No. 3) purport that the citizenship of certain defendants is as follows:

1. Defendant KLB East, LLC's sole member is KLB Sons Holdings, LLC. The "sole managers" of KLB Sons Holdings, LLC are two individuals domiciled in Texas.
2. Defendant K L Breeden & Sons, LLC's sole member is KLB Sons Holdings, LLC, again, whose "sole managers" are two individuals domiciled in Texas.

The Notice of Removal does not allege who the member(s) of KLB Sons Holdings, LLC are or the citizenship of such members. *See, e.g., Coward v. Nat'l R.R. Passenger Corp.*, 757 F. Supp. 3d 297, 299–300 (E.D.N.Y. 2024) (dismissing for lack of diversity jurisdiction where the plaintiff had only identified a managing member without confirming the potential existence of other members).

Within 30 days of this Order, Defendants may file an amended Notice of Removal that expressly alleges the citizenship of all members of Defendants, including KLB Sons Holdings, LLC. If, by this date, Defendants fail to amend to sufficiently allege complete diversity of citizenship, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated: June 26, 2025
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2